IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF ALABAMA,
MOBILE DIVISION

| | |
|---|---|
| WILLIAM HENRY PITTMAN, * | |
| Plaintiff, * | |
| v. * | CASE NO.: |
| * | |
| LUTHER STRANGE in his official capacity * | |
| as the Attorney General of the State * | |
| of Alabama and COLONEL * | |
| HUGH B. McCALL, in his official capacity as * | |
| the Director of the Alabama Department of * | |
| Public Safety * | |
| Defendant. * | |
| _____/ * | |

## COMPLAINT FOR DECLARATORY JUDGMENT

### A. INTRODUCTION, STATEMENT OF JURISDICTION, AND PARTIES

1. This is an action challenging the procedure used by Luther Strange, in his official capacity as Alabama's Attorney General and by Col. Hugh B. McCall, in his official capacity as the director of the Alabama Department of Public Safety (hereinafter "Defendants") to determine the Plaintiff, William H. Pittman, (hereinafter "Pittman") to be a "foreign jurisdiction convicted sex offender". Secondly, this is a request to challenge the Defendants' final determination that Pittman is non-compliant with Alabama's sex offender registry administrative code and Alabama statute.

2. Pittman was convicted in September of 1989 in the United States District Court for the Southern District of Mississippi, Jackson Division, of "Transportation of a Minor for Sexual Purposes". The minor was a 17 year old acquaintance of Pittman's. In approximately

1

2002, 4 years prior to the 2006 enactment of SORNA, Pittman moved from Mississippi to Alabama.

3. Without giving meaningful effect to applicable regulations concerning "foreign jurisdiction convicted sex offender[s]" the Defendants declared Pittman to be non-compliant with Alabama's sex offender registry laws. By mailing Pittman's notice to a non-existent address, the Defendants denied Pittman any meaningful way to challenge their determination. In approximately September of 2011 the Defendants, by and though their agents, referred their determination of Pittman's non-compliance to federal law enforcement agents for investigation and criminal prosecution. Through the Defendants, the determination that Pittman was non-compliant with Alabama Law is the basis for Pittman's federal indictment in the United States District Court for the Southern District of Alabama in cause number 12-00014-CG. Without the Defendants' determination that Pittman was out of compliance with Alabama's sex offender registry laws, there would be no federal prosecution.

4. The Defendants are charged with the task of announcing Pittman's compliance or non-compliance with a duty to register as a sex offender. This creates a unique nexus between Alabama, via the Defendants, and the Federal Government as joint participants in the investigation, accusation and prosecution of Pittman.

5. This is an action for declaratory judgment to determine a question in actual controversy between the parties under the provisions of 42 U.S.C. § 16901 and 18 U.S.C. § 2250(a), as applied in and by the Defendants, in their capacity to make a determination that Pittman is an out of compliance "foreign jurisdiction convicted sex offender", and by their determination, instigate a prosecution of Pittman for alleged violation of federal sex offender registration laws. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331.

6. Further, as a condition of his pre-trial release on indictment number 12-00014-CG in the U.S. District Court for the District of Alabama, Pittman has been Ordered to present himself to the Defendants, through the Mobile County Sheriff's Department, to register with the Defendants as a sex offender. This federal directive to register as an Alabama sex offender via Order of the U.S. District Court is likely to continue either as a condition of probation or a condition of release subsequent to sentencing in cause number 12-00155-WS (which is a companion case to 12-00014-CG) and is pending sentencing before this Court.

7. Plaintiff has attempted and is still willing to exhaust all administrative remedies to contest the declaration that he is required to register as a sex offender within the State of Alabama. Though not true for persons convicted within the State of Alabama, the Defendants provide an avenue for persons with out-of state convictions to challenge their obligation to register as a sex offender when they move to Alabama. This avenue of due process for Pittman is spelled out in the Alabama Department of Public Safety Administrative Code 760-X-1-.21 which is styled "Foreign Jurisdiction Convicted Sex Offender Registration" and is attached hereto as Exhibit "A".

8. The Defendants have deprived Pittman the benefit of the due process hearing conferred via Alabama Department of Public Safety Administrative Code 760-X-1-.21. Alabama Administrative Code §760-X-1-.21 states:

> 760-X-1-.21 <u>Foreign Jurisdiction Convicted Sex Offender Registration</u>: All persons convicted of any sex related crime are required by statute to register with law enforcement. This includes persons convicted in states other than Alabama, federal courts, and other jurisdictions. Persons convicted in jurisdictions <u>other</u> than Alabama are entitled to a hearing prior to community notification. (Emphasis in original).

*Alabama Administrative Code §760-X-1-.21*

3

9. Alabama affords persons with out of state convictions a measure of due process not afforded to people whose convictions originate in Alabama. Mr. Pittman should have been provided a meaningful opportunity to avail himself of the procedure afforded by the Defendants to non-Alabama offenders because Pittman's conviction arises from another state, Mississippi.

10. By the conditions of his pre-trial release Pittman is now under threat of immediate incarceration for failure to maintain registration as a sex offender with the State of Alabama via the Defendants. Once the conditions of his pre-trial release come to an end in February of 2013, when he is to be sentenced by this Court, Pittman will remain under threat of future prosecution and/or incarceration for any reported non-compliance with Alabama's sex offender registry laws.

11. If there were arguably any due process protection afforded to Pittman by the progression of his criminal case (12-00014-CG), any presumed due process protection from that case has ended. 12-00014-CG is going to be dismissed as a term of the plea agreement reached in 12-00155-WS (which is a companion case to 12-00014-CG), thus terminating any arguable protection of Pitman's due process rights afforded by that case's existence.

12. The Plaintiff, William H. Pittman is a Mobile County resident. His standing to bring this suit is based on one or more of the following:

    a. The Defendant's, by and through their agents, made a factual determination concerning Pittman's duty to register as an Alabama sex offender and have reported their determination that he is in violation of an obligation to register to federal law enforcement. This determination by Alabama forms the basis for Pittman's criminal indictment in the Southern District of Alabama, Mobile Division, Case number 12-00014-CG wherein he is

accused of failing to register as a sex offender with the State of Alabama. Alabama is tasked via federal dictate, with administering Pittman's duty, if any, to register as a sex offender under 42 U.S.C. § 16901 and 18 U.S.C. § 2250(a).

    b. As condition of his federal pre-trial release, Plaintiff has been Ordered to present himself to the City of Mobile Police Department and/or the Mobile County Sheriff to register as an Alabama sex offender. This federal requirement to register as a sex offender with the Defendants, or their agents, is likely to continue as a result of his federal prosecution in 12-00155-WS.

    c. Plaintiff disputes the constitutionality of a dictate compelling him to register as a sex offender. Further, he has been denied the due process hearing that would have potentially spared him from being reported by the Defendants as a non-compliant sex offender to federal agents; a report that ultimately led to Pitman's indictment in U.S. District Court for the Southern District of Alabama in indictment 12-00014-CG.

    d. The Defendants mailed the Notice of Pittman's right to an administrative hearing to the wrong address…an address that was actually non-existent. This error was not precipitated by any misrepresentation by Pittman. The Defendants possessed Mr. Pittman's valid address. The failure of Notice appears to be more in the nature of a grave administrative error on the part of the Defendants. Regardless, by the Defendant's actions, Pittman has been denied the administrative process specifically created by the State of Alabama, and enforced by the Defendants, for persons with out of state convictions wishing to challenge their obligation to register as Alabama sex offenders. The Defendant's failure to afford Mr. Pittman meaningful access to a specific administrative procedure created by Alabama, and

enforced by the Defendants, may result in his federal incarceration and/or the loss of his long established business and/or the loss of his established place of residence.

   e. The Plaintiff will suffer substantial irreparable harm as a result of this violation of his right to due process, and those other causes alleged below. Mr. Pittman has been advised by the Mobile County Sheriff, the local body charged with implementing the policy of the Defendants, that after registering as a sex offender, he will be required to move his established business to another location because of its proximity to a school. Mr. Pittman's small loan business, Sub-Prime Financial Group, Inc, D/B/A, Cash-N-A-Dash, has been at its present location for 10 years. He owns the business located at this piece of real property, which he leases. Though he has had this address for almost 10 years, until the recent change in Alabama law, he has never been advised that this businesses' location was unacceptable due to Pittman's 1989 Mississippi conviction.

   f. Plaintiff has been advised that because of his prior Mississippi conviction, he will be required to move from his current residence. He will incur significant losses and cost in moving if he is compelled to comply with the Alabama and Federal regulations concerning registration of sex offenders.

   g. Compelling Plaintiff Pittman to register as a sex offender and the resulting requirement that he move his long established business and home is a violation of the United States Constitution protection from deprivation of life, liberty or property without due process of law under the 5th Amendment of the U.S. Constitution and those corollary rights under the Alabama Constitution.

  13. Wherefore, Plaintiff demands judgment as set forth below:

## B. COUNTS

### Count I
### Violation of Due Process

14. As a result of his change in classification as a sex offender by the Defendants, Pittman faces potential future incarceration, and stands to lose the use and enjoyment of both his residence and business property in Alabama. Pittman established a small loan business that operated approximately 4-5 years before the 2006 enactment of the SORNA law requiring him to register as a sex offender. Compliance with Alabama's sex offender registry law will require Pittman to cease using the property on which he has a long term lease for his business because of its proximity to a school.

15. Plaintiff Pittman has been afforded no meaningful recourse to address the potential loss of use of his property, business or his personal liberty. If the command of Alabama's sex offender registry statute is followed, Plaintiff Pittman will simply be ordered to pack up his business and relocate only where he is given permission by the Defendants. This violates the 5th Amendment of the U.S. Constitution by depriving a Pittman of life, liberty or property without the due process of law.

16. The notice and correspondence from the Alabama Department of public safety to Pittman giving him notice of Alabama's desire that he register as a sex offender under Alabama law was mailed to the wrong address. See Attached Exhibit "B". The address to which the Alabama Department of Public Safety mailed the notice to Mr. Pittman was mailed to "Morehave Drive" and to zip code "36590". Mr. Pittman never lived on a "Morehave Drive". There is no "Morehave" drive in Mobile city limits. Mr. Pittman lives in Mobile, but zip code 36590 corresponds to Theodore, Alabama. The government purports that Mr.

Pittman received the Alabama Department of State notice via registered mail. No evidence of service, or attempted service by registered mail has been demonstrated and Mr. Pittman disputes this representation.

17. Mr. Pittman has been denied the administrative remedy specifically created by the Defendants, constituting a violation of due process. As a result, Pittman stands to lose his freedom and the use of his property and his business.

18. Additionally, without remedy or avenue for challenge, Mr. Pittman faces the equivalent of State enforced eviction from his established place of business and residence as a result of the 2011 changes in Alabama's sex offender registry laws. As a result, without any available remedy or recourse, Pittman faces potential incarceration and the loss of use and enjoyment of his residence, and his business property which were established years in advance of the changes in Alabama law.

### Count II
### Punitive *Ex Post Facto* Application of the Law

19. The Defendants are attempting to enforce a law which was enacted after Pittman's guilty plea in 1989. The laws sought to be enforced by the Defendants were enacted after Pittman leased his business property in approximately 2001-2002. It is an *ex post facto* law. The question becomes; is it a permissible *ex post facto* application of law? The test of whether an *ex post* facto law is permissible is whether or not the application of the *ex post facto* law is punitive in nature versus a function of public safety.

20. Plaintiff can demonstrate the application of the law in his specific set of facts is punitive. The application of law to Pittman will expose him to criminal prosecution for reported non-compliance. Additionally, application of the law by the Defendants will deprive

Pittman's liberty and property to which he was rightfully entitled before the law's enactment. Pittman acted in reliance on the law as it existed a the time he moved from Mississippi to Alabama and relied on the laws in existence at the time he established his business and its location. If an *ex post* facto law is applied in such a way as to be punitive in nature, then it is violates the Constitution. Mr. Pittman requests a trial on the merits in which he can present evidence of the punitive effect of the *ex post facto* law.

## Count III
## Equal Protection

21. Ordering Plaintiff Pittman to register in Alabama triggers a right for him to administratively challenge that obligation to register as a sex offender. Alabama has created Alabama Department of Public Safety Administrative Code 760-X-1-.21, which is enacted and enforced by the Defendants, which states:

> 760-X-1-.21 <u>Foreign Jurisdiction Convicted Sex Offender Registration</u>: All persons convicted of any sex related crime are required by statute to register with law enforcement. This includes persons convicted in states other than Alabama, federal courts, and other jurisdictions. Persons convicted in jurisdictions <u>other</u> than Alabama are entitled to a hearing prior to community notification. (Emphasis in original).

*Alabama Administrative Code §760-X-1-.21*

22. In Plaintiff Pittman's specific set of facts, he was not afforded the rights available to that class of individuals formed by persons convicted of a purported sex crime in states other than Alabama. This ties into the violation of Pittman's' federal rights since, as a result of the Defendants' failure to afford Pittman a meaningful mechanism to challenge his classification by the Defendants, Pittman faces federal prosecution and potential federal incarceration and the loss of his long established business and residence.

23. Until 2011, Mr. Pittman was "grandfathered" out of certain requirements for the putative class of sex offenders residing in Alabama because of the very old age of his original charge. Prior to 2012, Pittman was never required to report quarterly and had never been advised that he would have to move his residence or vacate his long standing business location.

24. Mr. Pittman respectfully presents that the denial of an administrative remedy or manner of challenging his inclusion in the class of persons defined by Alabama as "foreign jurisdiction convicted sex offender[s]" violates his rights to equal protection under the United States.

25. The manner by which Pittman's rights were denied was that the State of Alabama sent Mr. Pittman's notice of his right to challenge his classification status to a non-existent address, despite the fact that the State of Alabama possessed Mr. Pittman's correct address. The Notice that was sent to Mr. Pittman is attached hereto as Exhibit "B" to this complaint. The address to which the notice was sent was not Mr. Pittman's address. It is, in fact, a non-existent address. The State of Alabama possessed a valid address for Mr. Pittman, but never sent Notice to that address. Denying Mr. Pittman his lawful avenue of redress because of the State's failure to mail the notice to Pittman's valid address is not a meaningful extension of his right.

26. Additionally, the State, through the Defendant's enforcement and actions, has provided no meaningful process through which to challenge the 2011-2012 changes in the application of Alabama's law to prevent his eviction from his previously established residence and his previously established place of business, both of which were permissible under Alabama's previously existing pattern of enforcement of its old statutory scheme.

## C. CONCLUDING ALLEGATIONS AND
## DEMAND FOR JUDGMENT

27. The Plaintiff does not have an adequate remedy at law for the acts and omissions of Defendants as alleged herein. The acts, omissions, and conduct of the Defendants will cause irreparable harm to the Plaintiff by depriving him of his afforded right to challenge to his sex offender registration status. Further, Pittman is exposed to the loss of liberty and property via the federal criminal process and action of the Defendants via the enforcement of changes in Alabama laws which will displace Pittman from his lawfully established business and residence with no available avenue for protest or remedy.

28. There is uncertainty and insecurity between the parties as to the rights, duties, prohibitions, interpretation, and construction of the various statutes, rules, powers, and authority referred to in this complaint, and whether said statutes, powers, and authority allow or disallow treatment of the Plaintiff in the manner as has occurred in this case.

29. Plaintiff seeks a declaration of rights and legal obligations of the parties. The Plaintiff is interested in the construction of the statutes referenced herein which, though they are Alabama law, result in a nexus between the denial of federal rights and institution of a federal criminal prosecution and federal incarceration.

30. For the reasons set out herein, the issues raised in this complaint are of an overriding public concern. As a proximate consequence of Defendants' acts and omissions as alleged herein, there is and will continue to be, uncertainty as to the proper interpretation and construction of the law applicable to persons situated similarly to Plaintiff Pittman.

31. Additionally or in the alternative, the Defendants will have engaged in conduct not authorized by law that act to deny Pittman the right to challenge a classification that forms the basis of his exposure to federal criminal prosecution and/or federal incarceration.

WHEREFORE, Plaintiffs demand a declaratory judgment construing the statutes, rules, powers, and authority referred to herein.

Respectfully submitted,

*/s/ J. Christopher Klotz*

J. Christopher Klotz, Esq.
J. Christopher Klotz, P.C.
1211 West Garden Street
Pensacola, Florida 32502
(850) 497-6565
AL Bar No.: 0591J73K
Code #: klotj0591
Attorney for Plaintiff